ARCH INSURANCE COMPANY,
Plaintiff,

v.

JOHN MORIARTY & ASSOCIATES
OF FLORIDA, INC., Defendant.

Civil Action No. 15–22403–Civ–Scola

United States District Court,
S.D. Florida.

Signed December 12, 2016

Jeffrey Scott Geller, Edward Etcheverry, Etcheverry & Harrison LLP, Planta-

tion, FL, Joyce Cruz Albert, Etcheverry Harrison LLP, Fort Lauderdale, FL, for Plaintiff.

Linda Dickhaus Agnant, The Agnant Law Firm, West Palm Beach, FL, for Defendant.

## Order Granting Motion for Summary Judgment

Robert N. Scola, Jr., United States District Judge

At issue in this case is a dispute regarding coverage under a construction performance-and-payment bond. As the surety, Plaintiff Arch Insurance Company seeks a declaratory judgment that there is no coverage. The obligee on the bond, Defendant John Moriarty & Associates of Florida, Inc., the general contractor of the construction project, has demanded $995,239.83 from Arch as payment under the bond. Moriarty seeks this amount based on shortfalls allegedly caused by the subcontractor and principal on the bond, Third–Party Plaintiff R.C. Aluminum Industries, Inc.'s, failure to perform. Arch has moved for final summary judgment, submitting that Moriarty breached the terms of the bond thereby relieving it of its obligation to satisfy Moriarty's demand. Moriarty counters that genuine issues of material fact prevent the Court from finding in Arch's favor.[1] The Court finds Moriarty's argument unavailing and therefore **grants** Arch's motion for final summary judgment (ECF No. 55).

### 1. Standard of Review

The Court applies the familiar legal standard for summary-judgment motions. "Summary judgment is appropriate where the pleadings, affidavits, depositions, admissions, and the like show that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Urquilla–Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015) (punctuation & citation omitted). "[T]o survive summary judgment, the nonmoving party must ... make a showing sufficient to permit the jury to reasonably find on its behalf." *Id.*

### 2. Analysis

■ According to Arch, Moriarty cannot recover its nearly $1 million demand for completion costs against Arch, as a matter law, because there is no genuine issue of material fact that Moriarty: (1) failed to satisfy several conditions precedent to sustain a claim under the bond; and (2) unilaterally completed the subcontract without allowing Arch the opportunity to exercise its completion rights as required by the bond. Conversely, Moriarty claims that there are genuine issues of material fact regarding certain of Arch's actions, or failures to act, and their effect on the rights and obligations of the parties under the bond. While the Court finds that Moriarty has pointed to areas of the record where there are certainly disputes about various facts, none of these facts are material.

### A. There is no dispute that Moriarty failed to comply with the terms of the bond.

■ "As a general rule, a surety's liability on a bond is determined strictly from the terms and conditions of the bond agreement." *CC–Aventura, Inc. v. Weitz Co., LLC*, No. 06–21598-CIV, 2008 WL

---

1. Moriarty also argues, in its response, that Arch's declaratory action is not ripe for review as there is no actual case or controversy. The Court has already determined that "Arch has alleged an 'actual controversy' capable of resolution through a declaratory judgment" so that issue need not be further evaluated. (Order, ECF No. 79.)

2937856, at *2 (S.D. Fla. July 14, 2008) (Huck, J.), *aff'd*, 492 Fed.Appx. 54 (11th Cir. 2012) (quoting *DCC Constructors, Inc. v. Randall Mech., Inc.*, 791 So.2d 575, 576 (Fla. 5th DCA 2001). Under the bond in this case, Arch's obligations are not triggered unless Moriarty: (1) first provides notice to R.C. and Arch that it is "considering declaring a Contractor Default"; (2) "declares a Contractor Default, terminates the Construction Contract and notifies [Arch]"; and (3) "agree[s] to pay the Balance of the Contract Price ... to [Arch] or to a contractor selected to perform the Construction Contract." (Def.'s Stmt. of Mat. Facts in Opp., Ex. 2, Perf. Bond, ECF No. 70-2, 10; Pl.'s Stmt. of Undisputed Mat. Facts, Ex. 4, Perf. Bond, ECF No. 56-4, 2.) Once Moriarty complies with those three conditions precedent, the bond then requires Moriarty to allow Arch to mitigate its damages by arranging for the completion of the subcontract itself. (*Id.*) Lastly, before Moriarty may properly make a demand under the bond, it must provide seven days' notice to Arch. (*Id.*)

There is no dispute between the parties that Moriarty provided notice to R.C. and Arch that it was "considering declaring a Contractor Default." (Pl.'s Stmt. ¶ 4; Def.'s Stmt. ¶ 4.) It is undisputed that Moriarty thereafter, prior to Arch's filing of the complaint in this action, never: declared a contractor default (Pl.'s Stmt. ¶ 23; Def.'s Stmt. ¶ 23.); terminated R.C. (Pl.'s Stmt. ¶ 24; Def.'s Stmt. ¶ 24); nor agreed to pay the balance of the contract price to Arch (Pl.'s Stmt. ¶ 25; Def.'s Stmt. ¶ 25 (Moriarty only agreed to pay the balance after Arch had filed its complaint, ECF No. 56-25)). In fact, in its response to Arch's motion for summary judgment, Moriarty explicitly acknowledges that it "did not declare [R.C.] in default, did not terminate the Subcontract, and continued to administer the Subcontract substantially as it had before the Pre Default meeting,

with a few additions." (Def.'s Resp., ECF No. 69, 7.) There can thus be no dispute that Moriarty never allowed Arch to mitigate its damages by arranging for the completion of the subcontract itself. By depriving Arch of its completion options, Moriarty materially breached the bond. *See N. Am. Specialty Ins. Co. v. Ames Corp.*, No. 08-80966-CIV, 2010 WL 1027866, at *8 (S.D. Fla. Mar. 18, 2010) (Marra, J.) (citing *Dooley & Mack Constructors, Inc. v. Developers Sur. & Indem. Co.*, 972 So.2d 893 (Fla. 3d DCA 2007) for the proposition that "completion of [a] subcontract without giving [the] surety the opportunity to exercise its completion options breaches the bond and discharges [the] surety's liability as a matter of law").

Lastly, there is no dispute that Moriarty only provided the required seven days' notice required under the bond after Arch had already filed the instant action. (Pl.'s Stmt. ¶ 26; Def.'s Stmt. 26.)

**B. Moriarty has not made a sufficient showing that would permit a jury to reasonably find on its behalf.**

In response, Moriarty raises a number of issues that ultimately fail to persuade. To begin with, Moriarty points to certain facts that it contends are in dispute. None of these alleged factual disputes, however, would "affect the outcome of the suit"; as such they are therefore not material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Additionally, Moriarty relies on Arch's consent to certain payments and Arch's audit of Moriarty's records, after the pre-default meeting, contending that such consent and supervision served to somehow waive Arch's rights under the

bond. Moriarty has cited to no legal authority, nor has the Court been able to find any, that would support a finding of waiver here. Moreover, Arch objected several times in writing, between November 27, 2013 through March 3, 2014, to R.C.'s continued performance under the subcontract and repeatedly reserved all of its rights under the bond. (Pl.'s Stmt. ¶¶ 8–12, 16.) These writings, which Moriarty does not dispute receiving, directly controvert Moriarty's claims of waiver. *See Hutton Const. Co. v. Cty. of Rockland*, 52 F.3d 1191, 1193 (2d Cir. 1995) (finding no waiver where sureties reserved their rights on four separate occasions).

■ Moriarty also complains that "Arch refused to recognize that it was [Moriarty's] decision whether or not to default [R.C.]" (Def.'s Resp., ECF No. 69, 6.) However, under the terms of the bond, once Moriarty notified Arch that it was considering declaring a default, Moriarty was permitted to proceed under the subcontract with R.C. *only with Arch's consent*: "If [Moriarty], [R.C.], and [Arch] agree, [R.C.] shall be allowed a reasonable time to perform the Construction Contract . . . ." (Pl.'s Stmt, Ex. D, Bond § 3.3, ECF No. 56–4, 2.) If Arch did not consent, then, according to the bond, Moriarty should not have continued to work with R.C. under the subcontract. Moriarty should have instead taken the other steps required by the bond to trigger Arch's performance obligations. There is no genuine dispute that Arch never agreed that R.C. should be allowed time to perform. (*E.g.*, Pl.'s Stmt. ¶ 10 ("Arch reiterated that 'no agreement' had been reached allowing [R.C.]'s continued performance."); Def.'s Stmt. ¶ 10 (wherein Moriarty merely counters that the letter referenced by Arch is not "evidence of anything" and that it is contradicted by "other," unspecified, letters.) As such, Moriarty was required to proceed with the other steps under the bond in order to activate Arch's obligations. There is no real dispute that it failed to do so.

### 3. Conclusion

In light of the foregoing, Arch has established that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter law. Moriarty failed to comply with the terms of the bond and therefore Arch is not liable for Moriarty's $995,239.83 demand. The Court thus **grants** Arch's motion for final summary judgment (**ECF No. 55**).

The Clerk is **directed** to **close** this case and any pending motions are **denied as moot**.

**Done and ordered** at Miami, Florida on December 12, 2016.